IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY EDWARD BOOKER,

    Petitioner,                    No. CIV S-11-1636 GGH P

  vs.

KATHLEEN DICKENSON,

                                 ORDER &
    Respondent.            FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

////

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  rule into a substantive federal requirement." Id., at 862.  The Ninth Circuit recently noted that in
2  light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is
3  no substantive due process right created by California's parole scheme." Roberts v. Hartley, ___
4  F.3d ____, 2011 WL 1365811, at *3 (9th Cir. Apr.12, 2011).  Thus, there is no federal due
5  process requirement for a "some evidence" review and federal courts are precluded from review
6  of the state court's application of its "some evidence" standard.[3]

7         In the instant case, petitioner also alleges that the BPH violated his rights as they
8  found certain factors to be true to deny parole, but these factors were not found true by a jury and
9  therefore violated Cunningham v. California, 549 U.S. 270 (2007).  In Cunningham, the United
10 States Supreme Court held that a California judge's imposition of an upper term sentence based
11 on facts found by the judge (other than the fact of a prior conviction) violated the constitutional
12 principles set forth in  Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington,
13 542 U.S. 296 (2004).  Cunningham is applicable to *sentencing*.

14        However, petitioner was sentenced *by the trial court* to the statutory maximum,
15 which in petitioner's case is life.[4]  No additional facts need to be found in order for petitioner to
16 be kept in prison for the rest of his life.  The BPH does not "sentence," and nothing the BPH did
17 has caused petitioner's sentence to extend beyond the life maximum to which he was sentenced
18 and for which he may be imprisoned based on the murder conviction.  He has no right to jury
19 trial before an administrative agency in connection with any decision whether to release him

---

21 [3]  The court notes some perversity in the result here.  Loss of good-time credits, even for
22 a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some
   evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to
   administrative segregation requires the same "some evidence" before such an assignment can be
23 justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole
   eligibility after sometimes decades in prison, and where another opportunity for parole can be
24 delayed for as long as fifteen more years, requires no such protection from the federal due
   process standpoint.  Nevertheless, such is the state of the law.
25
   [4] Petitioner was sentenced to 16 years to life for second degree murder with use of a
26 deadly weapon.

1 before the expiration of his life maximum term.  For all these reasons, this case should be
2 dismissed.

3       Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
4 case.

5       IT IS HEREBY RECOMMENDED that this petition be dismissed.

6       If petitioner files objections, he shall also address if a certificate of appealability
7 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
8 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
9 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
10 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, petitioner may file written
14 objections with the court.  Such a document should be captioned "Objections to Magistrate
15 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
16 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
17 Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: June 23, 2011

19       /s/ Gregory G. Hollows

20       GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

GGH: AB
21 book1636.parole.scrnII.